## No. 6146.

### Julia D. Kelly and Husband vs. John Davis and Wife.

This is a suit by attachment of real estate in the town of Vidalia, parish of Concordia. The defendants reside in the State of Mississippi. The defense is, that Mrs. Davis acquired said property from her husband for a certain sum of money which was paid by crediting to that amount a judgment she had obtained against him in Mississippi. This alleged transfer was made in the State of Mississippi, where the real estate is situated. The capacity of the parties to make this contract must be determined by the laws of Mississippi, where they resided. Its effects on real estate here must be controlled by the laws and policy of Louisiana.

By the laws of Mississippi any deed from the husband to the wife for her use shall be void as against creditors who were such at the time of executing the deed. The record shows that, at the date of this transfer from Davis to his wife, he was the debtor of the plaintiffs. So that, when the deed was executed, the parties could not enter into such contract.

But if the question be tested by the laws of Louisiana, Mrs. Davis will fare no better. The contract, if valid here, would be a *dation en paiement*, and creditors would have the right to require her to prove the validity of her judgment. This she has not done, and could not do; for that judgment obtained by default, was made final in contravention of a prohibitory law of Mississippi, and whatever is done in violation of a prohibitory law is null.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough*, J. *Mayo & Spencer*, for plaintiffs and appellees. *G. Spencer Mayo*, curator *ad hoc* and advocate for defendants and appellants.

Ludeling, C. J. The plaintiffs sued the defendant, John Davis, and attached as his property certain lots and houses in Vidalia, Louisiana. The defendants are residents of the State of Mississippi. The plaintiffs

allege that John Davis is indebted to them; that he is a non-resident, and that he has made a fraudulent and simulated transfer of the said lots and improvements to his wife to defraud petitioners. They pray that the said transfer be declared fraudulent and simulated, and that their attachment be maintained, etc.

The defense is, that the property attached belongs to Honora Davis, the wife of defendant; that she acquired it by purchase from her husband for nine thousand dollars, which was paid by crediting the judgment she held against him with that amount. She denies the plaintiffs' right to attack her sale in this mode, and she alleges that she obtained a judgment against her husband in the State of Mississippi, in part payment whereof this sale was made to her, and she prays the attachment may be set aside.

This transfer was made in the State of Mississippi, to take effect in Louisiana, where the real estate is situated. The capacity of the parties to make this contract must be determined by the laws of Mississippi, where they resided. Its effect on real estate here must be controlled by the laws and policy of Louisiana. By the laws of Mississippi "any deed from the husband to the wife for her use shall be void as against creditors who were such at the time of executing the deed." Revised Code of Mississippi of 1871, section 1738. The record shows that, at the date of this transfer from Davis to his wife, he was the debtor of the plaintiffs. So that, when the deed was executed, *quoad* John Davis, the parties could not enter into said contract. But if tested by the laws of Louisiana, she will fare no better.

The contract, if valid here, would be a *dation en paiement*, in part satisfaction of a judgment, and creditors would have the right to require her to prove the validity of her judgment. This she has not done, and could not do. The basis of her claim is $18,980, being the amount due her for personal services during their marriage, at the rate of six hundred dollars per annum, and two thousand dollars loaned money and interest. No proof whatever was offered as to the amount of loaned money, nor for services rendered. The claim is preposterous. But it is contended that she has a judgment of a court of the State of Mississippi, and that full faith and credit is due to that. The same effect must be given to that judgment here that would be given to it in Mississippi. The record shows that on the twenty-second of April, 1874, her petition or declaration against her husband was filed with the clerk of the circuit court of Adams county. On the same day process issued, and it was served on *the plaintiff* herself, at her domicile, the husband being absent. On the first day of May judgment by default was rendered against the husband, John Davis, for $18,980, and on the fourteenth of May execution was issued and returned *nulla bona*. No proof was required, and none was

made, to obtain the judgment by default, but it was rendered and made final at the first term of the court, in contravention of a prohibitory law of Mississippi, which declares that "no judgment by default shall be rendered at the return term, when it shall appear that the process has not been served *personally* on the defendant." Revised Code of Mississippi of 1871, section 632.

Whatever is done in contravention of a prohibitory law is null. The evidence sustains the plaintiffs' demands.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.